UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OSWALD RUSSELL,

                                      Plaintiff,

    - against -

AMERICAN EAGLE AIRLINES, INC.,

                                   Defendant.
------------------------------------------------------------x

**OPINION AND ORDER**

07 CV 4119 (NG) (RER)

**GERSHON, United States District Judge:**

On September 7, 2007, plaintiff Oswald Russell commenced this action in New York State Supreme Court, Queens County, seeking to vacate an arbitration award issued in favor of his former employer, defendant American Eagle Airlines, Inc. ("American Eagle"). On October 2, 2007, defendant American Eagle timely removed this matter to federal court on the ground that plaintiff seeks judicial review of an arbitration award issued pursuant to § 153 First (q) of the Railway Labor Act, 45 U.S.C §§ 151-188 ("RLA"), a matter governed exclusively by federal law. Defendant now moves to dismiss plaintiff's Amended Petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[1] For the reasons discussed below, defendant's motion is granted.

---

[1] During the pre-motion conference ("PMC") held on October 16, 2007, the court directed, upon the consent of both parties, that plaintiff file his Amended Petition rather than a motion to amend. *See* Tr. at 5-6. Plaintiff, however, filed a "Memorandum of Law" in support of his "Motion to Amend the Petition" along with a "Plaintiff Affidavit in Support of Petition to Vacate Arbitration Award." The Memorandum, despite its title, makes arguments requesting vacatur of the arbitration award, not discussing standards relevant to amending the petition. Defendant preserves its argument that any amendment of plaintiff's petition would be futile, but for purposes of its motion to dismiss, treats plaintiff's petition as if it were amended, taking the factual averments in both the Memorandum and Affidavit as the "Amended Petition." Since the court gave express permission to plaintiff to file an Amended Petition, and plaintiff provides no

# FACTS

The following facts alleged in plaintiff's Amended Petition—which attaches a complete copy of his state court petition and its exhibits, including the arbitration award and the final advisory letter terminating plaintiff—are taken as true for purposes of this motion.

Plaintiff is a former employee of defendant American Eagle, a "common carrier by air" that is subject to the RLA, *see* 45 U.S.C. § 181, and a bargaining unit member of the Transport Workers Union of America, AFL-CIO ("TWU"). In his position as a Quality Control Inspector, plaintiff was responsible for inspecting the work of aircraft mechanics and participating in on-the-job training that required plaintiff to perform non-destructive testing ("NDT") on metal at various assigned locations. Defendant required all Quality Control Inspectors to record the results of their testing on NDT logs and then forward these logs on a monthly basis to supervisor David Norris, located in Bangor, Maine.

Due to a shortage of Quality Control Inspectors, plaintiff was regularly called in to work on dates that he was not officially scheduled to work or while he was on vacation. Plaintiff worked primarily at the American Eagle facility at John F. Kennedy Airport ("JFK") though, at times, plaintiff was also asked to participate in various "road trips" to other airports to perform his job off-site. When reporting for duty at JFK, plaintiff manually recorded his arrival and departure times from work on an "exceptions log" because he was unable to use the defendant's palm reader system, which would identify employees by their fingerprints to keep track of their attendance.

In or about the middle of February 2006, Mr. Norris and Jose Cabrera, the Base Manager, began an investigation into one of plaintiff's road trips after suspecting that the trip had taken

---

response or objection to defendant's approach, the court will also construe plaintiff's petition as amended.

longer than necessary and that the inspection work had been improperly handled. Although the investigation into this instance revealed that "no grounds existed for the claims . . . of impropriety", Pl.'s Pet. ¶ 25, Mr. Norris and Mr. Cabrera shifted their investigation to examine plaintiff's NDT records. Mr. Norris claimed that plaintiff made false entries into his NDT logs by recording testing results on dates that he did not report to work. Plaintiff was thereafter suspended and eventually terminated by defendant.

In or about June 22, 2006, the TWU filed a grievance on plaintiff's behalf, which proceeded to arbitration on January 17, 2007. During the arbitration, plaintiff wanted to offer into evidence exceptions logs to show that he was at work on the dates defendant claimed he was not at work or on vacation. According to plaintiff, the Board denied his request even though one of its members, Diane Taber, a lawyer employed by defendant in its Human Resources office, stated on the record that exceptions logs were time card records. Plaintiff also claims that the Board refused to accept other documents into the record that would have established that he was present on those dates the defendant claimed he was not. On February 5, 2007, the Board rendered its award and upheld defendant's decision to terminate plaintiff.

## DISCUSSION

### I. Standard of Review

On a motion to dismiss, the allegations in the complaint are accepted as true, and the court must draw all reasonable inferences in favor of plaintiff. *Zinermon v. Burch*, 491 U.S. 113, 118 (1990); *Thomas v. City of New York*, 143 F.3d 31, 37 (2d Cir. 1998). The court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need "detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks, citations, and alterations omitted). Indeed, a plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. This "plausibility standard" is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007).

For purposes of a motion to dismiss, the Amended Petition is deemed to include "any written instrument attached to it as an exhibit or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citations omitted). The court may also consider documents or information in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint. *Id.* at 48; *In re Aegon N.V. Securities Litig.*, 2004 WL 1415973, at *5 (S.D.N.Y. 2004). These documents can be taken into consideration when deciding a motion to dismiss, without converting the motion to one for summary judgment, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002), and, "[i]f these documents contradict the allegations of the amended [petition], the documents control and this court need not accept as true the allegations in the amended [petition]", *Rapoport v. Asia Electronics Holding Co.*, 88 F.Supp.2d 179, 184 (S.D.N.Y. 2000); *In re Aegon*, 2004 WL 1415973, at *5.

## II. Scope of Review

The decisions of RLA system boards are "final and binding upon both parties to the dispute", 45 U.S.C. § 153 First (m), and the scope of judicial review of arbitration awards

4

rendered pursuant to the RLA is "among the narrowest known to the law." *Union Pacific Railroad Co. v. Sheehan*, 439 U.S. 89, 91 (1978); *CSX Transp. Inc. v. United Transp. Union*, 950 F.2d 872, 877 (2d Cir. 1991). Specifically, § 153 First (q) of the RLA provides for judicial review of arbitration awards in three instances: (1) "for failure of [any division of the Adjustment Board] to comply with the requirements of [the RLA]"; (2) "for failure of the order to conform, or confined itself, to matters within the scope of the division's jurisdiction"; or (3) "for fraud or corruption by a member of the division making the order." The Second Circuit also permits review of allegations of denial of due process by the arbitration board. *See Shafii v. PLC British Airways*, 22 F.3d 59, 64 (2d Cir. 1994). Apart from these narrow exceptions, the merits of an arbitration award are "entitled to insulation from judicial scrutiny," and a decision cannot be set aside even if "the court disagrees with the result or rationale, because the reasoning was vague or ambiguous, because the decision was arbitrary and capricious, or because the decision was not supported by substantial evidence." *Trans World Airlines, Inc. v. Sinicropi*, 887 F. Supp. 595, 612 (S.D.N.Y. 1995) (internal quotation marks and citations omitted).

Plaintiff's allegation that the Board failed to admit exceptions logs into evidence does not set forth a ground upon which this court can review the arbitration award. Plaintiff alleges that the Board's failure to accept plaintiff's exception logs was fraudulent because the "neutral arbitrator's silence following plaintiff's request to admit the documents rose to the level of a complete unwillingness to respond." Pl.'s Br. ¶ 7. Plaintiff further alleges that this fraud was "compounded" by the fact that at least one of the Board members, Ms. Traber, referred to the exception logs as time card records, indicating that "she knew the purpose of such records as it applied to the recording of employee time and attendance and nonetheless agreed with the

neutral arbitrator that plaintiff should be fired without these requested time card records being allowed into the record as evidence." *Id.*

These allegations are not only insufficient as a matter of law, but also contradicted by the very documents plaintiff attaches to his Amended Petition. *Rapoport*, 88 F.Supp.2d at 184 ("If these documents [that are properly considered on a 12(b)(6) motion] contradict the allegations of the amended complaint, the documents control and this court need not accept as true the allegations in the amended complaint."). To begin with, contrary to plaintiff's suggestion that the Board was entirely unwilling to consider exculpatory evidence, the transcript of the arbitration proceedings makes clear that the exceptions logs were excluded in accordance with the CBA and pursuant to an agreement between the parties. The transcript further makes clear that plaintiff acknowledged that there may be admissibility issues with respect to the contested documents and that the Board, in compliance with the parties' decision, permitted alternative evidence to be admitted on plaintiff's behalf. The Board thereafter considered plaintiff's arguments but determined that his "version of events is simply incredible" in light of the other testimony and evidence presented at the hearing. Arb. Award. at 17-18. That the Board found plaintiff's position unpersuasive or that it chose to rely on certain types of evidence does not state a claim that the Board reached its award through fraud. *See Robinson v. Nat'l R.R. Passenger Corp.*, 1995 WL 444322, at *5 (S.D.N.Y. 1995); *see also Pacific & Arctic Ry. & Navigation Co. v. United Transportation Union*, 952 F.2d 1144 (9th Cir. 1991) ("Fraud properly embraces a situation in which the supposedly neutral arbitrator exhibits a complete unwillingness to respond, and indifference, to any evidence or argument in support of one of the parties' positions.").

Second, plaintiff's allegation that the Board "fail[ed] to accept time card records or exception logs, as well as other documents proving plaintiff's presence at work" does not state a violation of his due process rights. Where, as here, plaintiff challenges "the propriety of an evidentiary ruling, the reviewing court will sustain the award absent a showing that the evidentiary error so prejudiced the rights of a party that it may be said that he was deprived of a fair hearing." *Shafii*, 872 F. Supp. at 1181. In the arbitration context, due process typically entails no more than the provision of a fair hearing, which generally requires that each party have a "sufficient opportunity to prepare its case . . . and the opportunity to call and cross-examine witnesses and to present pertinent evidence in support of its case. *NLRB v. Washington Heights Mental Health Council, Inc.*, 897 F.2d 1238, 1244-45 (2d Cir. 1990) (citations omitted).

Contrary to plaintiff's allegations, and as discussed above, the Board did not display "complete indifference" to the exceptions logs that plaintiff sought to admit into evidence; it merely complied with the parties' agreement that defendants could challenge documents that were not properly disclosed prior to the arbitration hearing. The transcript pages cited by plaintiff himself make clear that the Board accepted defendant's objection to admitting the exceptions logs offered by plaintiff because they were cut off, written on, and lacked official authorization. Furthermore, plaintiff does not, and could not, allege that he was not afforded a fair hearing, since he was given the opportunity to present two witnesses and enter 24 joint exhibits into evidence during the arbitration proceeding. The Board considered plaintiff's arguments, including his argument that the exceptions logs disproved defendant's allegations against him, but found that other testimony and evidence supported the termination decision. As a matter of law, plaintiff cannot claim a due process violation by merely alleging that the Board failed to admit certain types of evidence. "Charges that an arbitrator overlooked favorable

7

evidence fail to allege a due process violation" because "[a]llegations regarding the admission and construction of evidence . . . offer no more than an attack on the arbitrator's conclusions and such challenges are not a cognizable basis for review." *See Shafii*, 872 F. Supp. at 1182-83; *see also Segal v. Trans World Airlines, Inc.*, 63 F. Supp. 2d 373, 380 (S.D.N.Y. 1999) (holding that "entertaining . . . arguments [regarding the arbitrator's decision to admit certain evidence] on a motion to vacate would require the parties to re-litigate before this court the issues already decided in arbitration and would effectively defeat Congress' clear intent to keep such disputes . . . out of the courts").

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss is granted. The Clerk of Court is directed to close this case.

**SO ORDERED.**

_____/s_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
      July 1, 2008